# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| F.C., | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | :      7:20-CV-205 (WLS) |
| | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |
| _____ | : |

## RECOMMENDATION

This Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 24.) The Court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings. (Doc. 19.) On remand, Plaintiff was awarded $26,219.00 in past-due benefits from the Commissioner. *See* Doc. 24-2 at 1 (indicating that $6,554.75 "represents [the] remaining amount of 25 percent of the past-due benefits"). Plaintiff's counsel previously received attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,154.77. (Doc. 22.) Plaintiff's counsel now requests attorney's fees in the amount of $5,709.52 for their 23.6 hours of work under 42 U.S.C. § 406(b), less the EAJA award previously granted, for a total award of $554.75. (Doc. 24.)

The Commissioner filed an initial Response to Plaintiff's Motion, indicating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees." (Doc. 26 at 1.) The undersigned ordered the Commissioner "to supplement his Response to Plaintiff's Motion for Attorney's Fees, and more clearly articulate his position regarding the reasonableness of the requested fee." (Doc. 27 at 2.) The Commissioner filed a supplemental response, clarifying that he "does not object to the reasonableness of the petition in this case." (Doc. 28 at 3.)

### I. Fee Reasonableness

In Social Security cases, prevailing parties may be awarded attorney's fees as part of the judgment, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Attorney's fees pursuant to § 406(b) may be awarded "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (per curiam) (11th Cir. 2006).

Contingency fees agreements, such as the one in this case, are permissible so long as the fee does not exceed 25% of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. Issues to consider when assessing reasonableness include whether the attorney's work was substandard, whether the attorney was responsible for any delays (and would thereby profit from the accumulation of additional past-due benefits during the delay), or whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808 (citations omitted).

The requested fee of $5,709.52 does not exceed 25% of Plaintiff's past-due benefits and comports with the terms of the fee agreement signed by Plaintiff and Plaintiff's counsel. (Doc. 24-3.) The Commissioner has not contested the reasonableness of this fee, and it does not appear to the Court that the fee requested is unreasonable. *See Savage v. Astrue,* 2010 WL 2012032 at *2 (M.D. Ga. 2010) ("[T]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client.") (quoting *Coppett v. Barnhart,* 242 F.Supp.2d 1380, 1383 (S.D. Ga. 2002)). Finally, there is no

indication the performance of Plaintiff's counsel was substandard, nor is there any indication that Plaintiff's counsel was responsible for any undue delay.

The Court notes that one of Plaintiff's attorney's working on this case, Mr. Jonathan Heeps, is not admitted to practice before this Court. (Doc. 24-7.) Several courts in this Circuit have found that non-admitted attorneys should be treated as paralegals for purposes of assessing the reasonableness of a requested attorney's fee. *See Walker v. Comm'r, Soc. Sec. Admin.*, 844 F. App'x 104, 108 (11th Cir. 2021) (finding it was reasonable for a district court to consider only hours worked by an admitted attorney when assessing the reasonableness of a proposed contingent fee under §406(b)); *see also S.A.B. v. Comm'r of Soc. Sec.,* 2024 WL 3558740 at *4 (M.D. Ga. 2024) (applying "the prevailing market rate for paralegals" to work performed by a non-admitted attorney). However, the fee requested in this case would be reasonable, even if Mr. Heeps were only compensated as a paralegal.

Mr. Piemonte, who is admitted to practice before this Court, performed 2.6 hours of work on this case, and submits that a reasonable, non-contingent hourly rate for his services would be between $350 and $425. (Docs. 24-1 at 5; 24-5.) Even using the low end of this range and applying a rate of $350 per hour, Mr. Piemonte's work would still warrant a fee of $910 in a non-contingent fee context. Mr. Heeps performed 21 hours of work on this case. (Doc. 24-5.) Although Plaintiff's counsel does not propose a reasonable paralegal fee, the Court finds that $140 per hour would be a reasonable paralegal rate for someone of Mr. Heeps experience and qualifications. *See S.A.B.*, 2024 WL 3558740 at *4 ("[A] rate of $140 per hour was appropriate for a paralegal who had a juris doctor degree and over fifteen years of experience."). Thus, Mr. Heeps work would warrant a fee of $2,940 in a non-contingent fee context.

Because this case involves a contingent fee, the combined non-contingent fee of $3,850 would be entitled to a multiplier to compensate for the risk assumed by counsel in representing Plaintiff on a contingency basis. *See Walker*, 844 F. App'x at 109 ("We conclude that the magistrate judge did not abuse his discretion…in choosing a multiplier of 2.5."); *see also Shiver v. Saul,* 2022 WL 4378704 at *2 (M.D. Ga. 2022) (collecting cases applying a multiplier of 2.5). Accordingly, even if Mr. Heeps were

compensated only as a paralegal for his work in these proceedings, the requested fee of $5,709.52 would still be a reasonable sum.

## II. Deduction of Prior EAJA Fees

Fee awards may be made under both § 406(b) and the EAJA, but the Plaintiff's attorney must refund the smaller fee to the Plaintiff, up to the point that Plaintiff receives 100 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. "[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1274 (11th Cir. 2010).

Plaintiff's counsel requests the Court deduct $5,154.77 from the total contingency fee to account for the previously awarded EAJA fees in this case. The undersigned accepts this as a reasonable means of harmonizing the two statutory awards, and recommends reducing the amount Plaintiff's counsel may recover from $5,709.52 to $554.75.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees (Doc. 24) be **GRANTED**, and that Plaintiff's counsel be authorized to recover $554.75 out of Plaintiff's past-due benefits.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of this Recommendation to which objection is made; all other portions of this Recommendation may be reviewed by the district judge for clear error. Any objection is limited in length to TWENTY (20) PAGES.  *See* M.D. GA. L.R. 7.4.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 14th day of August, 2024.

              s/ ***THOMAS Q. LANGSTAFF***
              UNITED STATES MAGISTRATE JUDGE