IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| F.C., | : |
|     **Plaintiff,** | : |
| | : |
| v. | : |
| | :    **CASE NO: 7:20-cv-205–WLS** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : |
| | : |
|     **Defendant.** | : |

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge Thomas Q. Langstaff, filed on August 14, 2024 (Doc. 29). Therein, Judge Langstaff recommends that the Plaintiff's Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b) (Doc. 24) ("SSA Fee Motion") be granted, and that Plaintiff's counsel, George C. Piemonte, be authorized to recover $554.75 out of Plaintiff's past-due benefits. Judge Langstaff notified the parties that they had fourteen days within which to file an objection to the Recommendation. Neither party did so. (*See* Doc. 29 at 4–5 & Doc. 28 at 3). Thus, the Court reviews the Recommendation for clear error.[1]

## I.   PROCEDURAL HISTORY

On March 3, 2022, the Court entered an Order reversing and remanding the Commissioner's decision pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 19). Pursuant to the Equal Access to Justice Act ("EAJA"), on May 24, 2022, Plaintiff filed a timely motion for attorney's fees (Doc. 21) ("EAJA Fee Motion") in the amount of $5,154.77, representing

---

[1] 28 U.S.C. § 636(b) provides that "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objections are filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks and citation omitted)).

23.60 hours of work performed. *See* 28 U.S.C. § 2412(d). The Commissioner did not challenge the EAJA Fee Motion, and on June 1, 2024, the Court awarded the requested amount of $5,154.77 in fees, $400.00 in filing costs, and $21.15 for service expenses. (Doc. 22). Plaintiff's SSA Fee Motion was filed June 5, 2024.

## II. PLAINTIFF'S SSA FEE MOTION AND RECOMMENDATION

Plaintiff's SSA Fee Motion requests fees under the Social Security Act ("SSA") in the amount of $5,709.52. Under the SSA, where a claimant's attorney obtains a judgment favorable to the claimant, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits awarded to the claimant. 42 U.S.C. § 406(b). Here, Plaintiff was awarded past-due benefits of $26,219.00, thus the requested fees do not exceed 25 percent of the awarded benefits. (Doc. 29 at 1; Doc. 24-2 at 1). Further, the Commissioner did not object to the reasonableness of the fees, (Doc. 28 at 3), which Judge Langstaff found to be reasonable. Finally, Plaintiff's attorney acknowledges that where fees are awarded under both the EAJA and the SSA for the same work, the attorney is required to refund to the claimant the amount of the smaller fee. (Doc 24-1 at 2 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

Upon reviewing the record, Judge Langstaff concluded that the SSA Fee Motion should be granted. In doing so, Judge Langstaff noted that one of Plaintiff's attorney's working on this case, Mr. Jonathan Heeps, is not admitted to practice before this Court, and that the practice in this Circuit is that non-admitted attorneys should be treated as paralegals for purposes of assessing the reasonableness of a requested attorney's fee.

Judge Langstaff found that, after allowing a multiplier of 2.5 to compensate counsel for the risk assumed by counsel representing Plaintiff on a contingency basis, that a fee of $5,709.52 as requested in the current motion is reasonable even if Mr. Heeps is compensated as a paralegal. Judge Langstaff further found no indication that Plaintiff's counsel's performance was substandard. Nor is there any indication that Plaintiff's counsel was responsible for any undue delay. Upon full review and without objection, the Court finds no clear error.

### III.   CONCLUSION

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein.

Accordingly, Plaintiff's Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b) (Doc. 24) is **GRANTED**. The Court finds that a reasonable attorney fee for Plaintiff's counsel, George C. Piemonte, for representation in this matter is $5,709.52. Plaintiff's counsel was previously awarded $5,154.77 in fees which are to be credited to Plaintiff. Therefore, the Commissioner is **ORDERED** to pay to George C. Piemonte the net amount of $554.75 out of Plaintiff's past-due benefits.

**SO ORDERED**, this 8th day of November 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**